## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

**MOSES ISOKARIARI,**

        **Plaintiff,**

**v.**                                          **Case No. 24-CV-551-SEH-SH**

**MERRICK BRION GARLAND;**
**ALEJANDRO N. MAYORKAS;**
**UR MENDOZA JADDOU**
**MARY ELIZABETH BRENNAN**
**SENG; and**
**BRUCE PAULIN,**

        **Defendant.**

### OPINION AND ORDER

Before the Court is Plaintiff's Original Complaint of Mandamus and

Declaratory Judgment (the "Complaint"). [ECF No. 2]. For the reasons stated

herein, Plaintiff is hereby ORDERED to show cause in writing within 14 days

of the date of this Order why service has not been properly made on

Defendant Bruce Paulin.  Plaintiff originally named five defendants in this

case: Merrick Garland, Alejandro Mayorkas, Ur Mendoza Jaddou, Mary

Elizabeth Brennan Seng, and Bruce Paulin. However, Plaintiff filed a notice

of dismissal as to all defendants except for Bruce Paulin pursuant to Fed. R.

Civ. P. 41(a)(1)(A)(i). [ECF No. 8]. There is some disagreement about whether

Rule 41 is the proper mechanism to dismiss fewer than all claims against all

parties. *Compare Lee v. Oklahoma ex rel. Comm'r of Land Office*, No. CIV-23-

240-F, 2024 WL 347184, at *2 (W.D. Okla. Jan 30, 2024) *with Cracraft v. Utah Valley University*, No. 2:19-cv-00124-TC, 2019 WL 2088483, at *2 (D. Utah May 13, 2019). If Rule 41 is the proper mechanism, all defendants except for Bruce Paulin have already been dismissed and they need not be served. If Fed. R. Civ. P. 15 is the proper mechanism, I construe Plaintiff's Notice [ECF No. 8] as a motion to amend and therefore deem all defendants named in the complaint [ECF No. 2] other than Bruce Paulin as terminated from this action without any further need to amend the Complaint. If Fed. R. Civ. P. 21 is the proper mechanism, I reach the same result because there is no indication in the record that Plaintiff has even attempted to serve the other originally-named defendants. In any event, the only remaining defendant in this action is Bruce Paulin.

In the absence of a sufficient showing of service, Plaintiff's Complaint may be dismissed without prejudice under Fed. R. Civ. P. 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

Courts engage in a two-step analysis to answer the question of whether dismissal is warranted under Rule 4(m). First, I determine whether the

plaintiff has shown good cause for the failure to timely serve the defendant. If the plaintiff shows good cause, then the Court must extend the deadline for "an appropriate period." *Espinoza v. U.S.*, 52 F.3d 838, 840–41 (10th Cir. 1995) (citing Fed. R. Civ. P. 4(m)). Second, "[i]f the plaintiff fails to show good cause, [I] must still consider whether a permissive extension of time may be warranted." *Id.* at 841.

Plaintiff filed the Complaint on November 14, 2024. Although Plaintiff filed a proof of service before his 90-day service deadline expired, he attempted to complete service himself. [ECF No. 7 at 6] (listing Plaintiff as the "sender"). Plaintiff cannot effect service himself because he is a party. Fed. R. Civ. P. 4(c)(2). This rule applies to service by mail. *Shepard v. United States Dep't of Veterans Affairs*, 819 F. App'x 622, 623 (10th Cir. 2020) (citing *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010)).

Therefore, Plaintiff is ORDERED to show cause in writing within 14 days of the date of this Order why service has not been properly effected. In lieu of filing a response to this show cause order, within 14 days, Plaintiff may file a written proof of service, a waiver of service, or a voluntary stipulation of dismissal that complies with Fed. R. Civ. P. 41. Otherwise, in the absence of a showing or other filing by Plaintiff, the Court may dismiss this action without prejudice.

IT IS SO ORDERED this 13th day of February, 2025.

Sara E. Hill
UNITED STATES DISTRICT JUDGE